[Crim. No. 6526.  Second Dist., Div. Three.  Sept. 22, 1959.]

THE PEOPLE, Respondent, v. VALORIE FOLLINS, Appellant.

H. Clay Jacke for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—In a nonjury trial the defendant was convicted of violating section 337a, subdivision 1, of the Penal Code (bookmaking upon the result of horse racing). She appeals from the judgment.

Pursuant to stipulation the cause was submitted in the trial court upon the transcript of the preliminary examination. The defendant did not testify at the preliminary examination or at the trial.

Appellant contends that the judgment should be reversed because the evidence, which was received as exhibits, was obtained by illegal search and seizure.

Sergeant Bennett, who was in charge of the vice detail at the Highland Park police station in Los Angeles, testified that on April 11, 1958, about 12:30 p. m., he received information from a confidential informant that bookmaking was taking place on telephone number Republic 3-9478; he ascertained from the telephone company that the number was listed for the address, 4038 West 28th Street, Los Angeles; he directed Officers Diero and Boardman to go to the address; about 3:15 p. m of that day the officers told him by radio

telephone that they were at said address and had the house under observation; about 3:22 p. m. he (witness) called telephone number Republic 3-9478 and a female voice answered; he said, "This is Ed for Wyatt. I would like Chino King in the seventh race at Gulf Stream, 5, 5 and 5."; he asked the person if there was any jockey change and she replied, "No, it is still Trijos."; about 3:25 p. m. he told the officers by radio telephone that he had placed a bet "over the phone number." He also testified that he saw the informant on said April 11, and he had received information from the informant on three prior occasions regarding bookmaking activities.

Officer Diero, one of the arresting officers, testified that before the arrest he received information from Sergeant Bennett regarding bookmaking activities at 4038 West 28th Street; then he (witness), Officer Boardman, and another officer went into the vicinity of said address; about 3:15 p. m. he called Sergeant Bennett by radio and said that he (witness) had the premises under observation; about 3:22 p. m., Sergeant Bennett told him by radio that he (sergeant) had placed the bet and that a female voice answered the telephone; then the witness and Officer Boardman went to the front door at said address; the witness knocked on the front door and said in a loud voice, "Police officers, you are under arrest for bookmaking. Open the door."; he waited 15 or 20 seconds and then, receiving no reply, he forced the door open and entered the apartment; he saw the defendant standing in the middle of the living room with a piece of paper and a pencil in her hand; he placed her under arrest for bookmaking; he searched the premises and found a National Daily Reporter scratch sheet of April 11, 1958, under the couch, and he found a piece of paper with penciled notations on it. It was stipulated that the witness was qualified to give an opinion with reference to bookmaking. The witness testified further that the notations on the piece of paper (Exhibit 2) represented the identification of bettors, and the tracks and horses, and the amounts to be wagered on the horses; his opinion was, as follows: the word "Ed" on the paper is the identification of the bettor; the "7" on the paper is the 7th race; the "5" is the 5th handicap position; the "555" represents a wager for win, place, and show; the 7th race was at Golden Gate Fields; and the 5th handicap position represented the name of a horse, Chino King. He also testified that in his opinion the premises at that address were being used as a "relay spot" for bookmaking; in a conversation

with defendant at the time of the arrest, she said she had been "making book" about four months, she had made the notations on the piece of paper, and she was doing this because she needed the money and was out of a job; she also said she did not have a key to the apartment; in a later conversation with her at the police station, the witness asked if she had a key to the apartment; then she handed a key to him; she said that she did not live at said address, but she went there in the morning—the persons who lived there were not at home during the day.

When the exhibits were offered in evidence at the trial, at the close of the prosecution's case, the defendant made a motion to suppress the evidence on the ground that the words "reliable informant" were not used by the officers in referring to the confidential informant and there was no evidence that the information was reliable. There was no other objection to the offer of the exhibits in evidence. Sergeant Bennett had received information from the informant on three prior occasions. The trial judge could have found that the information was reliable. The sergeant had informed the other officers that he had received the information regarding said address. There was evidence that the officers, who were observing the premises pursuant to an order of Sergeant Bennett, were informed by Sergeant Bennett that he had placed a bet "over the phone number" at said premises. Also, there was evidence that, immediately after the surveillant officers were so informed, one of the officers knocked on the door of the apartment, said in a loud voice "Police Officers, you are under arrest for bookmaking. Open the door."; and that after waiting about 15 seconds without receiving a response, the officers forced the door open and entered the apartment. The evidence was sufficient to prove that the arresting officers had reasonable cause to believe that a person at said premises was engaged in bookmaking. The arrest was not illegal, and the evidence was not obtained by illegal search or seizure.

The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.